UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER**

**U.S. MAGISTRATE JUDGE WAYNE D. BRAZIL**

**<u>Criminal Matters</u>**

1.    Subject to published Notices of Unavailability,[1] **the master criminal calendar** for Oakland venued cases is held Monday through Friday, beginning at **10:00 a.m.,** in Courtroom 4, Third Floor, United States Courthouse, 1301 Clay Street, Oakland, California.

2.    **Requests to add matters to or continue matters on the criminal calendar** must be directed to Magistrate Judge Brazil's **Courtroom Deputy, Ivy Garcia, at (510) 637-3639.**

     The court will try to accommodate reasonable "last minute" requests to add matters to the 10:00 a.m. criminal calendar. The court requests, however, that counsel, the probation officer, or the pretrial services officer bring to court at least two extra

---

[1] Notices of Unavailability are posted in the clerk's office and published in the Recorder, the Daily Journal, and on the Court's internet site at http://www.cand.uscourts.gov.

Dockets.Justia.com

1    copies of any pertinent documents so that the parties and the judge will have the
2    information needed for the proceeding.

3        The clerk's office requires **24 hours notice** for all matters requiring an
4    **interpreter.**

5

6    3.    Subject to published Notices of Unavailability, Magistrate Judge Brazil usually
7    is available Monday through Friday after the master criminal calendar -- typically,
8    about 11:15 a.m. -- **to review proposed criminal complaints or applications for**
9    **warrants.**    Attorneys or agents who cannot present their papers at this time must call
10   Ms. Garcia, in advance, at (510) 637-3639, to determine when the Magistrate Judge
11   will be available to consider their requests.

12

13

14               **Civil Matters**

15

16   4.    **Civil matters may be placed on the Magistrate Judge's calendar only by his**
17   **administrative law clerk, who can be reached at (510) 637-3324.**  Before noticing
18   any matter on the Magistrate Judge's calendar, parties must reserve a specific date and
19   time with the administrative law clerk.  In most instances, civil law and motion matters
20   are heard on Wednesday afternoons.  Unless otherwise ordered in a particular matter,
21   motion practice is governed by the Civil Local Rules, which are available from the
22   Clerk's Office and on the court's internet site at:  http://www.cand.uscourts.gov.

23

24   5.    Except as noted in paragraph 6, below, **discovery disputes** will be handled
25   according to the provisions of the Civil Local Rules.  Specific questions about
26   situations not addressed by the Local Rules may be directed to the administrative law
27   clerk at (510) 637-3324.

28

1    6.   **If a dispute arises during a discovery event** the parties must attempt to resolve

2    the matter without judicial intervention by conferring in good faith.  If good faith

3    negotiations between the parties fail to resolve the matter, and if disposition of the

4    dispute during the discovery event likely would result in substantial savings of expense

5    or time, counsel or a party may call the administrative law clerk at (510) 637-3324 to

6    determine whether Magistrate Judge Brazil is available to address the problem through

7    a telephone conference during the discovery event.

8

9    7.   After the <u>initial</u> case management conference, parties usually **may elect to**

10    **appear by phone** at hearings or conferences in civil matters that do not involve the

11    taking of evidence or settlement negotiations.  A party who wishes to appear by phone

12    must secure permission in advance from Judge Brazil's administrative law clerk.  If

13    more than one party will appear by phone, the clerk will designate the party whose

14    counsel must initiate the conference call, get all parties on the line, then call the court's

15    **conference line at (510) 637-3326** at the time noticed for the appearance.

16

17    8.   All filings related to civil motions <u>referred</u> to Magistrate Judge Brazil (i.e.,

18    motions in cases assigned for trial to another judge) must **set forth in the caption** or

19    prominently at the beginning of the filing the **civil case number and the District**

20    **Judge's initials followed by the designation "(WDB)"**.

21

22    9.   When **motions** have been **referred** to Judge Brazil **by a District Judge who sits**

23    **in San Francisco** the parties must file the original and a chambers copy of pertinent

24    documents in the Clerk's Office in San Francisco but also **must deliver an additional**

25    **copy directly to the Clerk's Office in Oakland for Judge Brazil.** See Civil Local

26    Rule 5-1(b).

27

28    10.   **In all "E-Filing" cases**: when filing papers in connection with any motion for

determination by the judge, if the length of the motion (or opposition) and supporting

3

1   documents exceeds ten pages, the parties must, in addition to filing papers
2   electronically, lodge with chambers a printed copy of the papers by the close of the
3   next court day following the day the papers are filed electronically.  These printed
4   copies must be marked "Chambers Copy" and must be submitted to the Clerk's Office,
5   in an envelope clearly marked with the judge's name, case number and "E-Filing
6   Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's
7   Office that has already been filed electronically.

8

9   11.  Motions for **summary judgment** must be accompanied by a statement of the
10  material facts not in dispute, supported by citations to admissible evidence.  The parties
11  must file a joint statement of undisputed facts where possible.  If the parties are unable
12  to reach complete agreement after meeting and conferring, they must file a joint
13  statement of the undisputed facts about which they do agree.  Any party may then file
14  a separate statement of the additional material facts that the party contends are not
15  subject to genuine dispute.

16

17  12.  **Unless specifically requested, the court does not provide a court reporter for**
18  **most pre-trial proceedings**.  The court records the proceedings on audiotape, a copy
19  of which may be obtained by submitting a request to the clerk's office, accompanied
20  by a check for $26.00 payable to the District Court.  Each such request must include
21  the title and number of the case, as well as the date and time of the proceeding for
22  which a copy of the tape is requested.

23  **A party who wishes to have a court reporter present for a pretrial**
24  **proceeding in a civil matter must notify Judge Brazil's administrative law clerk**
25  **(at 510-637-3324) at least two weeks before the date set for the proceeding.**

26

27  13.  Parties are reminded that most procedural questions are answered in the Federal
28  Rules of Civil Procedure, the Local Rules, or this Standing Order.  Parties should not
    contact Chambers for answers to procedural questions without first carefully examining

4

1  the **current** provisions of these authorities.   Current versions of the Local Rules and

2  this  Standing  Order  are  published  on  the  Court's  internet  site  --

3  http://www.cand.uscourts.gov.

4

5                              **Settlement Conferences**

6  14.   Scheduling:

7        A.    Settlement conferences hosted by Judge Brazil usually are held on

8              Monday, Tuesday, or Thursday afternoons beginning at either 1:00 p.m.

9              or 2:00 p.m.  Participants are to appear in Courtroom 4 on the third floor

10             of the United States Courthouse at 1301 Clay Street in Oakland, CA.

11       B.    To schedule a settlement conference, or to ask to move a settlement

12             conference already scheduled, counsel are to contact Judge Brazil's

13             Administrative Law Clerk by phone at (510) 637-3324.

14

15 15.   Counsel Must Meet and Confer, In Person or by Phone, Before Preparing Their

16       Written Settlement Conference Statements.

17       No fewer than ten court days before the settlement conference, counsel for the

18 anticipated participants must meet and confer (in person or voice to voice) to discuss

19 matters pertinent to improving the prospects that the settlement negotiations will be

20 productive.   In these discussions counsel may address any subjects they feel are

21 appropriate -- but they must discuss the following:

22       A.    Who will attend the conference on behalf of each party, identifying the

23             lawyer and the client representative, as well as any other persons.

24       B.    Which persons or entities must approve a proposed settlement agreement

25             before it can be executed; the nature and duration of that approval

26             process; the standards or criteria generally applied in it; and any

27             foreseeable barriers to approval or special concerns that the approving

28             authority might want addressed.

C.   Whether insurance is available to cover all or part of the claimed losses or to fund all or part of any party's defense; whether tenders have been made to any insurance companies; whether any insurer will have a representative at the settlement conference and, if so, the name of and position held by each such representative.

D.   Whether it would be useful for settlement demands and/or offers to be made before the settlement conference is convened; and whether the parties might want to consider "structured settlements" and, if so, whether experts in structuring settlements should develop proposals in advance and/or attend the conference.

E.   Whether there are particular documents or other tangible things that should be brought to the conference (e.g., to educate the settlement judge or to support or explain significant contentions).

F.   Whether one or more of the parties will ask that the negotiations include any non-monetary items and/or trades or payments in kind; if so, what any such non-monetary items would be (e.g., reinstatement of employment, a job-reassignment or promotion, retirement status or benefits, other fringe benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a licensing agreement, providing products at no cost or discounts, a press release, etc.).

G.   Any unusual issues or factors that could come into play in the settlement negotiations or any especially sensitive matters that other counsel should be alerted to before the settlement conference.

16.   Confidential Written Settlement Conference Statements:

A.   Unless otherwise ordered, **no fewer than seven (7) court days before the settlement conference** each party must deliver to the office of the Clerk of the Court in Oakland (4th Floor, 1301 Clay Street) a **Confidential Settlement Conference Statement** that addresses all matters listed in

subparagraph C., below. **The caption must instruct the Clerk to lodge but not file the Statement.**

*Failure to timely submit a settlement conference statement may result in sanctions.*

B.   Parties are **not required to serve** other parties with copies of their Confidential Settlement Conference Statement.

C.   The **Confidential Settlement Conference Statement,** which may not exceed fifteen (15) pages of text and fifteen (15) pages of exhibits, **must include** the following:

(I)     a brief chronological statement of the facts of the case;

(ii)    a brief statement of the <u>principal</u> claims and defenses;

(iii)   a description of the <u>major</u> factual and legal issues that are in dispute;

(iv)   separately for each principal claim and defense, a forthright evaluation of the likelihood that the party submitting the Statement will prevail;

(v)    the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

(vi)   a summary of the proceedings to date and a description of any pending motions;

(vii)  an estimate of the expenses and fees that are likely to be incurred in completing discovery, pretrial, and trial;

(viii) a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited), a description of the principal obstacles (factual, legal, or other) to reaching agreement, and the reasons the parties' assessments of the case's settlement value differ;

(ix)    each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

(x)    a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously; and

(xi)    a brief discussion of any of the subjects identified in Section II of this Order that might be significant in the settlement dynamic.

17.    Required Attendance at Settlement Conferences:

A.    <u>Lead trial counsel</u> must appear at the Settlement Conference with the <u>parties</u> <u>and</u> with the person or <u>persons having full authority to negotiate and to settle the case.</u>

B.    In all cases where an insurance company's agreement would be necessary to achieve a settlement, the <u>carrier's claims representative</u>, with **full authority** to negotiate up to the limits of coverage, also must attend the Settlement Conference.

C.    When a party's final authority to agree to terms of settlement is vested in a <u>governing body</u>, at least **seven (7) court days** before the conference counsel for that party must communicate in writing to Magistrate Judge Brazil and to counsel for other parties <u>how (through whom) the governing body will appear.</u>  In addition, counsel must describe the procedure that would be followed in securing that body's consideration of proposed settlement terms.

D.    A person **seeking to be excused from appearing in person** at a settlement conference must deliver, **no fewer than seven (7) court days before the conference**, a letter to the Magistrate Judge, simultaneously delivering copies to all counsel.  The letter must:

1  (I) explain in detail why attendance in person would impose an
2  extraordinary or otherwise unjustifiable hardship;
3  (ii) explain why the fact that the person would not attend in person
4  would have no adverse impact on the parties' and the court's ability
5  to pursue and achieve the purposes of a settlement conference;
6  (iii) state realistically the amount in controversy in the case;
7  (iv) indicate whether the other parties oppose or do not oppose the
8  request; and
9  (v) be accompanied by a proposed order.
10  E.  Within two (2) court days of receiving a copy of another person's request
11  to be excused from attending a settlement conference in person, a party
12  who opposes the request must deliver (by fax or otherwise)
13  simultaneously to all other parties and to Magistrate Judge Brazil a
14  writing that details the grounds for the objection.  Judge Brazil's fax
15  number is 510-637-3327.
16  F.  **A party who is excused from appearing in person <u>must</u>** be available
17  to **participate by telephone** <u>throughout the conference</u>.  *Failure to be*
18  *available for participation by phone for the full duration of the*
19  *conference may result in imposition of sanctions.*
20
21  18.  Requests for Continuances:
22  A.  Any request to continue a settlement conference must be submitted in
23  writing at least seven (7) court days in advance and only after consultation
24  with all other parties.  The request must indicate whether it is joined or
25  opposed by the other parties.
26  B.  If the date to which a continuance is sought would be past a deadline for
27  holding the settlement conference that was set by the judge to whom the
28  case is assigned for trial, the party seeking the continuance must secure
permission from that judge to hold the settlement conference during the

proposed new time frame <u>before seeking the continuance from Magistrate Judge Brazil</u>. A writing evidencing the assigned judge's extension of the deadline must accompany the party's request to Judge Brazil for the continuance.

19.    Notification that Case Terminated Before Settlement Conference.

The parties must notify Judge Brazil's administrative law clerk immediately if they settle their case or it is otherwise terminated before the date set for the settlement conference.

IT IS SO ORDERED.

Dated: 11/10/03

_____
WAYNE D. BRAZIL
United States Magistrate Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.　　Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.　　Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.　　Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.　　Motions: All prior and pending motions, their current status, and any anticipated motions.

5.　　Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.　　Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.　　Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.　　Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.　　Class Actions: If a class action, a proposal for how and when the class will be certified.

10.　　Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.　　Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition,** each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.