1  EDWARD A. RUTTENBERG (State Bar No. 67378)
   ROBERT S. GUTIERREZ (State Bar No. 143223)
2  LEOPOLD, PETRICH & SMITH, P.C.
   2049 Century Park East, Suite 3110
3  Los Angeles, California 90067-3274
   Tel: (310) 277-3333 • Fax: (310) 277-7444
4  E-Mail: eruttenberg@lpsla.com; rgutierrez@lpsla.com

5  Attorneys for Defendant
   BMG MUSIC (erroneously named as "RCA Records")
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        OAKLAND DIVISION

11

12 TOMMY DUNBAR and JAMES          CASE NO.: C 07-2758 WDB
   GANGWER,
13                                 ANSWER TO COMPLAINT BY
              Plaintiffs,          DEFENDANT BMG MUSIC
14                                 (erroneously named as "RCA
   v.                              Records")
15
   LUCASZ GOTTWALD (aka Dr. Luke),
16 AVRIL LAVIGNE, KASZ MONEY
   PUBLISHING, AVRIL LAVIGNE
17 PUBLISHING LLC, ALMO MUSIC
   CORP., RCA RECORDS, and APPLE,
18 INC.,

19            Defendants.

20 _____

21

22

23       For itself alone and for no other defendant, BMG MUSIC (erroneously named

24 "RCA Records") ("Answering Defendant"), by its undersigned attorneys, admits,

25 denies and otherwise responds as follows to the Complaint filed against it by plaintiffs

26 TOMMY DUNBAR and JAMES GANGWER ("Plaintiffs") in the above-entitled

27 matter:

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

7413.doc

1

1     1.    Answering Defendant admits that Plaintiffs have filed a civil action

2  against it for alleged copyright infringement, in which they demand jury trial to the

3  extent provided in Fed. R. Civ. P. 38(a).  Except as expressly admitted, Answering

4  Defendant denies generally and specifically each allegation contained in Paragraph 1

5  of the Complaint.

6

7                         **JURISDICTION AND VENUE**

8

9     2.    Answering Defendant admits that the Court has subject matter

10  jurisdiction over Plaintiffs' Complaint pursuant to 28 U.S.C. § 1338(a).  Except as

11  expressly admitted, Answering Defendant denies generally and specifically each

12  allegation contained in Paragraph 2 of the Complaint to the extent that it applies to it,

13  and denies for lack of sufficient knowledge or information each allegation contained

14  in Paragraph 2 of the Complaint to the extent that it applies to other defendants.

15

16     3.    Answering Defendant denies generally and specifically each allegation

17  contained in Paragraph 3 of the Complaint to the extent that it applies to it, and denies

18  for lack of sufficient knowledge or information each allegation contained in Paragraph

19  3 to the extent that it applies to other defendants.

20

21                              **THE PARTIES**

22

23     4.    Answering Defendant denies for lack of sufficient knowledge or

24  information each allegation contained in Paragraph 4 of the Complaint.

25

26     5.    Answering Defendant denies for lack of sufficient knowledge or

27  information each allegation contained in Paragraph 5 of the Complaint.

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

7413.doc

1     6.     Answering Defendant denies for lack of sufficient knowledge or

2   information each allegation contained in Paragraph 6 of the Complaint.

3

4     7.     Answering Defendant denies for lack of sufficient knowledge or

5   information each allegation contained in Paragraph 7 of the Complaint.

6

7     8.     Answering Defendant denies for lack of sufficient knowledge or

8   information each allegation contained in Paragraph 8 of the Complaint.

9

10     9.     Answering Defendant denies for lack of sufficient knowledge or

11   information each allegation contained in Paragraph 9 of the Complaint.

12

13     10.    Answering Defendant denies for lack of sufficient knowledge or

14   information each allegation contained in Paragraph 10 of the Complaint.

15

16     11.    Answering Defendant admits that it does business in California.  Except

17   as expressly admitted, Answering Defendant denies generally and specifically each

18   allegation contained in Paragraph 11 of the Complaint.

19

20     12.    Answering Defendant denies for lack of sufficient knowledge or

21   information each allegation contained in Paragraph 12 of the Complaint.

22

23     13.    Answering Defendant denies generally and specifically each allegation

24   contained in Paragraph 13 of the Complaint.

25

26

27

28

# CLAIM FOR COPYRIGHT INFRINGEMENT

## (Against All Defendants)

14.    Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 14 of the Complaint.

15.    Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 15 of the Complaint.

16.    Answering Defendant denies for lack of sufficient knowledge or information each allegation contained in Paragraph 16 of the Complaint.

17.    Answering Defendant admits that Plaintiffs have not expressly authorized it to exploit protectible expression from the song "I Wanna Be Your Boyfriend," but Answering Defendant denies generally and specifically that it used all or any portion of the song "I Wanna Be Your Boyfriend" (protectible or otherwise), and further denies generally and specifically that anyone holds any rights in any portion of the song "I Wanna Be Your Boyfriend" other than in its protectible expression.  Except as expressly admitted, Answering Defendant denies generally and specifically each other allegation contained in Paragraph 17 of the Complaint.

18.    Answering Defendant denies generally and specifically each allegation contained in Paragraph 18 of the Complaint.

19.    Answering Defendant denies generally and specifically each allegation contained in Paragraph 19 of the Complaint.

1

## FIRST AFFIRMATIVE DEFENSE

2

### (No Claim Stated)

3

4     20.     Plaintiffs' Complaint fails to state facts sufficient to constitute a claim for

5     relief against Answering Defendant.

6

7

## SECOND AFFIRMATIVE DEFENSE

8

### (17 U.S.C. § 412)

9

10     21.     Plaintiffs' claims for relief are barred and/or limited by the provisions of

11     17 U.S.C. § 412.

12

13

## THIRD AFFIRMATIVE DEFENSE

14

### (17 U.S.C. § 411(a))

15

16     22.     Plaintiffs' action is barred and/or limited by the provisions of 17 U.S.C.

17     § 411(a).

18

19

## FOURTH AFFIRMATIVE DEFENSE

20

### (Unclean Hands)

21

22     23.     Plaintiffs' action is barred in whole or in part by reason of plaintiffs'

23     unclean hands.

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

24.    Plaintiffs' action is barred in whole or in part because one or both plaintiffs lack standing to prosecute such action.

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

25.    Plaintiffs' action is barred in whole or in part by the doctrine of fair use, to the extent any such use occurred, which use Answering Defendant denies but here assumes merely for the sake of argument.

## SEVENTH AFFIRMATIVE DEFENSE

### (First Amendment)

26.    Plaintiffs' action is barred in whole or in part because, to the extent any such use occurred, which use Answering Defendant denies but here assumes merely for the sake of argument, the purported use of plaintiffs' purportedly copyrightable materials on which their claims rest constituted a use protected by the First Amendment to the United States Constitution,

## EIGHTH AFFIRMATIVE DEFENSE

### (*De Minimis* Use)

27.    Plaintiffs' action is barred by the doctrine of de minimis use to the extent any such use occurred, which use Answering Defendant denies but here assumes merely for the sake of argument.

1

## NINTH AFFIRMATIVE DEFENSE

2

### (No Willful Infringement)

3

4    28.    Plaintiffs' claims for relief are barred in whole or in part because any use

5    by Answering Defendant, which use Answering Defendant denies but here assumes

6    merely for the sake of argument, was not willful.

7

8    ## TENTH AFFIRMATIVE DEFENSE

9    ### (Estoppel)

10

11    29.    Plaintiffs' action is barred by Plaintiffs' own conduct and actions, which

12    amount to and constitute an estoppel of the claims made by them in their Complaint.

13

14    ## ELEVENTH AFFIRMATIVE DEFENSE

15    ### (Waiver)

16

17    30.    Plaintiffs' action is barred by Plaintiffs' own conduct and actions, which

18    amount to and constitute a waiver of any right or rights Plaintiffs might have had in

19    relation to the matters alleged in the Complaint.

20

21    WHEREFORE, Answering Defendant BMG MUSIC prays as follows:

22

23    1.    That the Complaint be dismissed with prejudice and that Plaintiffs

24    take nothing herein;

25

26    2.    That Answering Defendant be awarded its costs of suit, including

27    its reasonable attorneys' fees, incurred in defense of this action; and

28

1          3.    That Answering Defendant be awarded such other and further

2     relief as the Court may deem just and proper.

3

4

    DATED:  August 15, 2007

5                        EDWARD A. RUTTENBERG

6                        ROBERT S. GUTIERREZ
                   LEOPOLD, PETRICH & SMITH, P.C.

7                        Attorneys for Defendant
                   BMG MUSIC (erroneously named as "RCA

8                        Records")

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

8

7413.doc

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274**.

4

5

      On August 15, 2007, I served the foregoing document described as **ANSWER TO COMPLAINT BY DEFENDANT BMG MUSIC (erroneously named as "RCA Records")** on the interested parties in this action.

6

7

☒      by placing the original thereof enclosed in (a) sealed envelope(s), addressed as follows:

8

      **SEE ATTACHED SERVICE LIST**

9

☒      **BY REGULAR MAIL:** I deposited such envelope in the mail at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.  The envelope was mailed with postage thereon fully prepaid.

10

11

      I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

12

13

14

☐      **BY FACSIMILE MACHINE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported.  Said fax transmission(s) were directed as indicated on the service list.

15

16

☐      **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at 2049 Century Park East, Suite 3110, Los Angeles, California 90067-3274.  The envelope was deposited with delivery fees thereon fully prepaid.

17

18

☐      **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

19

20

☐      (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

☒      (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

      Executed on August 15, 2007, at Los Angeles, California.

24

25

                            _____
                             /s/ Kathryn Toyama

26

27

28

LEOPOLD, PETRICH
& SMITH
A Professional Corporation

7413.doc

1

2

## SERVICE LIST

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

David M. Given, Esq.
Nicholas A. Carlin, Esq.
Phillips, Erlewine & Given LLP
One Embarcadero Suite 2350
San Francisco, California  94111
Tel:  (415) 398-0900
Fax:  (415) 398-0911

Donald M. Carley, Esq.
Sonnenschein Nath & Rosenthal LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Tel:  (415) 882-5000
Fax:  (415) 882-0300

Daniel S. Schecter, Esq.
Colin B. Vandell, Esq.
Latham & Watkins, LLP
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071-2007
Tel:  (213) 891-7371
Fax: (213) 891-8763

Michael A. Guido, Esq.
Carroll, Guido & Groffman
1790 Broadway, 20th Floor
New York, NY  10019
Tel:  (212) 759-2300
Fax:  (212) 759-9556

Christine Lepera, Esq.
Sonnenschein Nath & Rosenthal LLP
1221 Avenue of the Americas
New York, NY 10020-1089
Tel:  (212) 768-6700
Fax:  (212) 768-6800

7413.doc